(Reap. Dec. 10897)

SODERHAMN MACHINE MANUFACTURING CO. *v*. UNITED STATES

Entry No. 4569, etc.

(Decided February 10, 1965)

*Sharretts, Paley & Carter* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

WILSON, Judge: These appeals for reappraisement involve the proper value of certain components of a particle board plant, erected at Albany, Oreg., by the Willamette Valley Lumber Co., purchaser of the merchandise, which components were exported from West Germany between December 1959 and December 1960.

It was stipulated by the parties herein that the basis of value used in the appraisement of the involved merchandise was constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956; further, that the merchandise covered by these appeals to reappraisement was

not on the final list published by the Secretary of the Treasury, T.D. 54521 (R.3).

The statute under consideration reads as follows:

[Sec. 402](d) CONSTRUCTED VALUE.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

Plaintiff in these appeals does not dispute that the proper basis of appraisement was constructed value.

The imported components were manufactured by Bahre Metallwerk in Springe, West Germany, in fulfillment of a three-way contract between Bahre Metallwerk KG, the manufacturer, and Soderhamn Machine Manufacturing Co., distributor on the one hand, and Willamette Valley Lumber Co., the purchaser.

The appraiser, in each instance, appraised at a price in deutsche marks, plus an addition of 36.66 per centum, less ocean freight, marine insurance, and United States duties. In all cases, the DM figures shown in the appraiser's return are exactly equal to the figures shown on the commercial invoices prepared by Bahre Mettalwerk. Plaintiff in these appeals does not attack the deutsche mark amounts incorporated in each appraisement, except in the case of R62/11851, plaintiff contending that "said amounts in Deutschemarks include all the necessary elements of constructed value, including the addition for profit and overhead" (plaintiff's brief, page 4). Plaintiff, however, challenges as an improper addition to the said deutsche mark amounts, the addition of 36.66 per centum of the deutsche mark amount shown in each appraisement, and also contends that the deductions made by the appraiser in each instance were improper.

In the case of R62/11851, the record discloses that the appraiser made an incorrect allocation of total invoice price to the item designated as "Knife grinder" there involved. Plaintiff's collective exhibit 1 establishes that the knife grinder accounted for DM 12,500 of

total invoice amount of DM 200,000, instead of the DM 800 allotted by the appraiser in his return.

The issue in these appeals is whether or not the proper values for the involved merchandise are represented by the appraised values or whether the values claimed by the plaintiff herein are correct.

The specific question presented in these appeals is whether or not the said commercial invoice prices correctly represent the statutory constructed value for the involved merchandise. Plaintiff contends that said invoice prices do represent the correct statutory value and, as noted, that the addition of 36.66 per centum as well as the deductions made to and from these amounts by the appraiser were improper.

Plaintiff introduced in evidence the affidavit of Ernest Greten, president and general manager of Bahre Metallwerk KG, exporter of the involved merchandise. Defendant, on its part, introduced in evidence a copy of a contract for the related merchandise, together with certain Government reports bearing on the proper values of the involved merchandise for appraisement purposes (defendant's collective exhibit A, and defendant's exhibits B, C, and D).

In my opinion, the affidavit of Mr. Greten disclosing the proper amounts for general expenses and profit to be allocated in the case of the machinery shipped under the Willamette contract together with other pertinent data in the establishment of constructed value for the imported merchandise lends support to the claim of the plaintiff as to the values for the imported merchandise. Detailed discussion of the circumstances surrounding the sale of the merchandise in question is deemed unnecessary, however, in view of a concession made by counsel for the Government. In a so-called "Request," filed with the court, counsel for the Government asked to be relieved of the filing of a brief in the above-entitled appeals and further stated therein that "it agrees that the appraisements were in error" and that the defendant has no evidence to refute the values contended for by the plaintiff.

On the basis of the record presented, I find as facts:

1. The merchandise, the subject of these appeals to reappraisement, consists of parts of a particle board plant, erected by Willamette Valley Lumber Co. in Oregon and imported in partial fulfillment of a contract between Bahre Metallwerk KG, the manufacturer, Soderhamn Machine Manufacturing Co., the distributor, and the Willamette Valley Lumber Co., the purchaser.

2. The above-mentioned contract obligated Bahre Metallwerk and Soderhamn Machine Manufacturing Co. to supply, in addition to the imported machinery, valuable and extensive supervisory services, detailed plans and drawings, and material of United States origin.

3. At the time of exportation, and until the plant in Oregon was in operation, title to the imported merchandise remained in Bahre Metallwerk, the manufacturer thereof.

4. The eight importations here involved were exported from West Germany during the period December 1959 to December 1960. The imported merchandise was not enumerated in the final list published in T.D. 54521.

5. On and immediately prior to each of the shipments in question, no similar machines were sold or offered for sale for exportation to the United States in West Germany, nor were such or similar imported machines offered for sale in the United States. These were the first machines manufactured for the purpose of utilizing planing wood shavings in the production of particle board and were especially designed for the Willamette Valley Lumber Co.

6. All of the shipments were appraised upon the basis of constructed value, as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

7. Plaintiff's exhibit 1 establishes all the necessary elements of constructed value, and the commercial invoice prices in deutsche marks, which the appraiser incorporated in each of the appraisements, except that covered by R62/11851, correctly represent constructed value. In the case of the shipment last mentioned, the cost breakdown, part of plaintiff's exhibit 1, establishes the constructed value of the knife grinder to be DM 12,500 and the balance of the shipment to be DM 187,500.

I conclude as matters of law:

1. There was no export or United States value for particle board machinery such or similar to that involved in the instant appeals to reappraisement.

2. The proper basis for valuation of the shipments covered by these appeals to reappraisement is constructed value, as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. The constructed value of the merchandise covered by each of the appeals to reappraisement involved is as follows:

| Protest No. | Entry No. | | |
|---|---|---|---|
| R62/11851 | 4569 | Knife grinder | DM 12,500 |
| | | Other machinery | DM 187,500 |
| R62/11852 | 2601 | Entire shipment | DM 1,148 |
| R62/11853 | 3013 | Entire shipment | DM 5,000 |
| R62/11854 | 5725 | Entire shipment | DM 150,000 |
| R62/11855 | 6064 | Entire shipment | DM 220,000 |
| R62/11856 | 6175 | Entire shipment | DM 250,000 |
| R62/11857 | 6450 | Entire shipment | DM 760,000 |
| R62/11858 | 7241 | Entire shipment | DM 171,000 |

Judgment will issue accordingly.